UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:06-CR-00186-PMP-GWF |
| vs. | **ORDER** |
| POWER COMPANY, INC., doing business as THE CRAZY HORSE TOO, and FREDERICK JOHN RIZZOLO, | |
| Defendants. | |

Pursuant to the Order from the United States Court of Appeals for the Ninth Circuit dated September 20, 2011, the Court hereby gives its written reasons for denying Defendant Frederick Rizzolo bail pending appeal. "[R]elease pending appeal from an order revoking probation is proper only upon a showing of exceptional circumstances." U.S. v. Bell, 820 F.2d 980, 981 (9th Cir. 1987); U.S. v. Loya, 23 F.3d 1529, 1531 (9th Cir. 1994) (stating it is "proper" to "reserve bail only for an extraordinary case" where the district court finds the defendant violated a condition of probation). "Examples of exceptional circumstances include: (1) raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal." Bell, 820 F.2d at 981. The "length of sentence compared with the length of appeal may well be 'exceptional' in a particular case." U.S. v. Koon, 6 F.3d 561, 563 (9th Cir. 1993). However, such concerns may be addressed by other mechanisms, such as requesting an expedited appeal. Id.

The Court denied Defendant Rizzolo's request for bail pending appeal because he failed to meet his burden of demonstrating extraordinary circumstances. Rizzolo has not raised substantial claims upon which he has a high probability of success. This Court held an evidentiary hearing and made factual findings regarding three separate violations of Rizzolo's terms of supervised release. The Court needed to find these violations only by a preponderance of the evidence, and the Court's decision to revoke Rizzolo's supervised release will be reviewed for an abuse of discretion. 18 U.S.C. § 3583(e); U.S. v. Perez, 526 F.3d 543, 547 (9th Cir. 2008); U.S. v. Lomayaoma, 86 F.3d 142, 146 (9th Cir. 1996).

Rizzolo also has not established any unusual delay in the processing of the appeal that amounts to an extraordinary circumstance. Although Rizzolo's appeal may become moot if it is not resolved before his term of incarceration is completed, that is the case for any criminal defendant whose supervised release is revoked but who is not given a lengthy prison term. Rizzolo's position would amount to automatic bail for any violation of supervised release resulting in a relatively short prison term, instead of placing the burden on the violator to overcome the presumption of no bail pending appeal by showing extraordinary circumstances. There is nothing extraordinary about Rizzolo's situation, nor has Rizzolo identified any unusual delay with his appeal. Rizzolo's claim of unusual delay is particularly unavailing where, in this Court's view, the likelihood of prevailing on appeal is low. Furthermore, Rizzolo has other options available to him, such as requesting expedited review from the Court of Appeals.

Rizzolo failed to meet his burden of establishing extraordinary circumstances making bail pending appeal proper. The Court therefore denied his motion.

DATED: September 22, 2011

PHILIP M. PRO
United States District Judge